1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   JESSE STEVENSON,                          Case No.: 3:17-cv-0107-CAB-KSC

11                             Plaintiff,
                                              **ORDER ON MOTION TO DISMISS
12   v.                                        AND MOTION TO REMAND
                                               [Doc. Nos. 3, 6]**
13   AETNA HEALTH OF CALIFORNIA,
     INC.; SHARP REES STEALY
14   MEDICAL GROUP; and DOES 1 to 10,
15   Inclusive,

16                             Defendants.

17

18        This matter comes before the Court on Defendant Aetna Health of California Inc.'s

19   ("Aetna") motion to dismiss [Doc No. 3] and Plaintiff's motion to remand [Doc. No. 6].

20   The motions have been fully briefed, and the Court finds them suitable for submission

21   without oral arguments.  For the following reasons, Defendant's motion is granted and

22   Plaintiff's motion is denied.

23        **I.    Background**

24        On November 28, 2016, Plaintiff brought suit in the Superior Court of the State of

25   California against Sharp Rees Stealy Medical Group ("Sharp") and Aetna (collectively

26   "Defendants") for "unreasonable denial of benefits" in violation of Civil Code § 3428.

27   [Doc No. 1 at 5-12 ("the complaint").]  His factual allegations, accepted as true, are as

28   follows.

1

Plaintiff was a subscriber to Defendants' health care plan. [Doc No. 1 at 10 ¶ 25.[1]] In April 2015, Plaintiff was a victim of a preventable medical error at the hands of a Sharp affiliated physician, Wilifred Kearse, MD. [*Id.* at 7 ¶ 11.] As a consequence of the error, Plaintiff developed Complex Regional Pain Syndrome ("CRPS") that "has manifested as intractable, 24/7, burning, searing, life-altering pain primarily centered in Plaintiff's groin region." [*Id.* at ¶ 12.] For patients who suffer from CRPS in these areas, the FDA approved Dorsal Root Ganglion ("DRG") stimulation is considered a breakthrough technology. [*Id.* at 8 ¶ 16.]

Since the Spring of 2016, Plaintiff has attempted to obtain approval from Defendants for a DRG stimulator[2] but Defendants have continued to "refuse to coordinate this provision of reasonably necessary medical care." [*Id.* at 9 ¶ 18.] After filing multiple appeals and exhausting administrative remedies, on September 30, 2016, Plaintiff was informed by an unidentified Sharp representative that he would be provided with "whatever care [he] needed." [*Id.* at ¶ 19.] The offer was recanted three days later and Plaintiff was encouraged to seek the opinion of a pain specialist who performed DRG stimulation. [*Id.*] Plaintiff sought such an opinion, and the pain specialist confirmed that Plaintiff was an ideal candidate for DRG stimulation. [*Id.*]

Upon receiving confirmation of Plaintiff's candidacy, Defendants referred Plaintiff to an in-network provider to assess if DRG stimulation was an appropriate treatment option. [*Id.* at ¶ 20.] The in-network physician recognized that the procedure he could provide was not as effective or targeted as DRG stimulation and that Plaintiff was an ideal candidate for the DRG procedure. [*Id.*]

Defendants refused to approve the DRG stimulation as a "reasonably necessary medical treatment" for Plaintiff based on the purported experimental nature of the

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.
[2] In his complaint, Plaintiff asserts that conventional spinal cord stimulation treatment has proven to be largely ineffective for those who suffer from CRPS in the pelvic and lower extremities regions. [Doc. No. 1 at 8 ¶ 15.]

procedure. [*Id.* at 9-10 ¶ 21.] Denial on these grounds is "directly contrary to how 'experimental' procedures are defined in Plaintiff's health insurance agreement with Defendants." [*Id.* at 10:8-9.]

Based on these allegations Plaintiff sued Defendants, pursuant to Civil Code section 3428, for failure "to timely provide medically necessary health care to Plaintiff by failing to exercise ordinary care in addressing Plaintiff's medical condition." [*Id.* at 10 ¶ 27.] Further, Plaintiff complains that the failure to approve and provide DRG stimulation treatment was made in bad faith and predicated upon a scheme to retaliate against Plaintiff for filing a medical malpractice suit against Dr. Kearse. [*Id.* at 11 ¶ 29-30.] Plaintiff seeks damages for pain, medical expenses, earnings losses, along with punitive damages. [*Id.* at 11.]

On January 20, 2017, Aetna removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) [Doc. No. 1] and filed a motion to dismiss on January 26, 2017 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. No. 3]. On February 16, 2017, Plaintiff filed both his opposition to the motion to dismiss [Doc. No. 5] and a motion to remand [Doc. No. 6]. In light of the commonality of arguments to both the motion to dismiss and the motion to remand, the Court will consider them together.

## II.    Legal Standard

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Etheridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988) (citation omitted). *See also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (the burden of establishing federal subject matter jurisdiction falls on the party invoking removal). In rare circumstances a federal law that completely preempts state law will support removal, irrespective of whether or not a federal question exists on the face of the complaint. *ARCO Envtl. Remediation, LLC. v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

But, if federal jurisdiction is absent from the commencement of a case, [a case] is not "properly removed" – and therefore need not "stay [] removed."" *Polo v. Innoventions Int'l., LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016) (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.,* 602 F.3d 1087, 1091, 1092 n.3 (9th Cir. 2010)). *See also* 28 U.S.C § 1447(c).[3] Remand is the correct remedy when subject matter jurisdiction is absent because "[s]tate courts are not bound by the constraints of Article III." *Polo,* 833 F.3d at 1196.[4]

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted.[5] A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555).

### III.    Discussion

In its notice of removal, Defendant Aetna attested that this Court "has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by

---

[3] 28 U.S.C. § 1447(c) specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[4] The "irreducible constitutional minimum" of Article III requires that: "(1) plaintiff suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation marks and citation omitted). The question of constitutional standing is a "threshold matter central to [the Court's] subject matter jurisdiction, and the Court must assure itself that the constitutional standing requirements are satisfied before proceeding to the merits." *Fulfillment Svcs Inc. v. United Parcel Svc., Inc.,* 528 F.3d 614, 618 (9th Cir. 2008).

[5]  Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(1)   The rule allows a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Aetna pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under the Employment Retirement Income Security Act of 1974[6] ("ERISA")." [Doc. No. 1 at 2: 5-8.] Subsequently, Aetna has moved for dismissal under Rules 12(b)(1) and 12(b)(6) on the grounds that Plaintiff's claim is completely preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* [Doc. No. 3.] In its dismissal motion Aetna argues that sections 502(a) and 514(a) of ERISA provide two separate reasons for preemption and support dismissal with prejudice.[7]

Plaintiff counters that his state law claim is outside the ambit of complete preemption under § 502(a). He asserts that he has pled an independent legal duty owed by Defendants and that Aetna overlooks the fact that both it and Sharp, "its Independent Practice Association co-defendant," are "inextricably intertwined" in Plaintiff's claim of bad faith denial of care, and that his claim is a "mixed eligibility decision" that is not fiduciary in nature. [Doc. No. 5.] In his motion for remand Plaintiff asserts that, notwithstanding Defendant Aetna's defense of conflict preemption, the absence of complete preemption leaves this Court without subject matter jurisdiction. [Doc. No. 6.]

The fundamental question related to both motions is whether Plaintiff's state-law claim is completely preempted under ERISA § 502(a)(1)(B) and thus whether the case was properly removed from state to federal court. Removal was proper only if Plaintiff's claim is completely pre-empted. Should Plaintiff establish that ERISA is not applicable it would necessitate a remand and would demonstrate that Aetna's motion to dismiss is without

---

[6] ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b)

[7] In support of its position Defendant requested the Court take judicial notice that Plaintiff's health care plan is sponsored by his employer ADP Total Source Services, Inc., and is therefore an ERISA plan. [Doc. No 3-1 at 3 n.1.] Plaintiff does not dispute that his insurance plan is an employee benefit plan under ERISA.

merit. Conversely, if Aetna establishes that Plaintiff's claim is preempted, then they have established that this Court has jurisdiction over the matter.

## A. Motion to Remand

A party seeking removal from state court based on federal jurisdiction must show either that the state law causes of action are completely preempted by §502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin,* 581 F.3d at 945. *See also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("explaining that a state claim can be removed "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."). "This is so because when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004) (internal quotation and citation omitted). However, "if the doctrine of complete preemption does not apply, . . . the district court [is] without subject matter jurisdiction." *Marin*, 581 F.3d at 944.

In enacting ERISA, Congress intended to create a uniform regulatory regime over employee benefit plans. *Davila*, 542 U.S. at 208. In order to accomplish its goal, § 502(A) was carefully crafted and provides a detailed and comprehensive civil enforcement scheme that includes certain remedies and precludes others. *See* 29 U.S.C. §1132(a); *Davila,* 542 U.S. at 208-210; *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). Therefore, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila,* 542 U.S. at 209.

A suit complaining of a denial of coverage of medical care falls within the scope of ERISA § 502(a)(1)(B), "where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated." *Davila,* 542 U.S. at 210. If the state law claims are entirely encompassed by § 502(a) the complaint is then converted into "one stating a federal claim for purposed of the well-pleaded complaint rule." *Metro.*

*Life Ins. Co. v. Taylor,* 481 U.S. 59, 65-66 (1987). Whereas a defense of conflict preemption under § 514(a)[8] of ERISA is commonly found to be "an insufficient basis for original federal question jurisdiction under 1331(a) and removal jurisdiction under § 1441(a)." *Marin,* 581 F.3d at 945. *See also Metro. Life,* 481 U.S. at 64 ("ERISA preemption [under §514], without more, does not convert a state claim into an action arising under federal law."). Regardless of whether or not a defendant has a 'conflict preemption' defense within the meaning of § 514(a) because plaintiff's claims relate to the ERISA plan, if complete preemption is inapplicable then the district court is without subject matter jurisdiction. *Marin,* 581 F.3d at 945. Thus, a defendant seeking to justify removal on ERISA grounds must show that at least one of the state law causes of action is completely preempted by § 502(a). *Id.*[9]

Defendant argues that Plaintiff's state law cause of action falls within the scope of § 502 and is therefore completely preempted. ERISA § 502(a)(1)(B) provides that a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). If Plaintiff's state-law cause of action comes within the scope of § 502(a)(1)(B) then it is completely preempted, and the only possible cause of action is under § 502(a)(1)(B). *Marin,* 581 F.3d

---

[8] § 514(a) provides that the relevant provisions of ERISA "shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan described in section 1003(a) of the title and not exempt under section 1003(b)." 29 U.S.C. § 1144(a).

[9] Since "complete preemption under § 502(a) is really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim," the Court will apply Defendant's arguments under that provision to its analysis of whether the case has been properly removed. *Marin*, 581 F.3d at 945. But, the Court will not consider Defendant's § 514 arguments in its initial inquiry into whether removal was proper because, as the Court of Appeals explained "[d]efendant[] [is] free to assert in state court a defense of conflict preemption under § 514(a), but [it] cannot rely on that defense to establish federal question jurisdiction." *Marin*, 581 F.3d 941. *See also Franchise Tax Bd. Of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption…")

3:17-cv-0107-CAB-KSC

at 946.  In order to determine if Defendant's assertion is correct the Court needs to apply the two part test formulated by the Supreme Court in *Davila*.

A state-law cause of action is completely preempted if (1) "an individual, at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210.  "Because this 'two-prong test . . . is in the conjunctive[,] [a] state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin,* 581 F.3d at 947.

Here, after asking the necessary question under the first prong of the *Davila* test, the Court finds that  Plaintiff could have brought his unreasonable denial of benefits claim under ERISA § 502(a)(1)(B).  In pleading his claim Plaintiff alleges that the Defendants are a "health care service plan or managed care entity' and that he was a "subscriber to Defendants' health care plan." [Doc. No. 1 at 10 ¶¶ 24, 25.]  Further, he complains that "Defendants failed to timely provide medically necessary health care to Plaintiff by failing to exercise ordinary care in addressing Plaintiff's medical condition." [*Id.* at ¶ 27.]  Not surprisingly, neither party disputes that Plaintiff's claim falls within the provision of §502(a)(1)(B).[10]

The second prong of the *Davila* test requires the Court to "determine whether the state-law claims 'arise independently of ERISA or the plan terms.'" *Fossen v. Blue Cross and Blue Shield of Montana, Inc.,* 660 F.3d 1102, 1110 (9th Cir. 2011) (quoting *Davila*, 542 U.S at 212).  This determination "requires a practical, rather than a formalistic, analysis because [c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort.'" *Fossen,* 660 F.3d at 1110-1111 (internal quotations and citation omitted).  *See also Davila*, 542 U.S at 214 ("distinguishing between pre-empted

---

[10] Specifically, in his opposition to the motion to dismiss Plaintiff states that Defendant's argument that his claims "could have - and perhaps should - have been brought under § 502(a)(1)(B)," "may be true as far as it goes." [Doc. No. 5 at 5:25-28.]

3:17-cv-0107-CAB-KSC

and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA simply by relabeling their . . . claims."); *Marin*, 581 F.3d at 950 (reasoning that since the "state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*.") (alteration in original).[11]

Here, since both Sharp and Aetna's obligations to Plaintiff are based on an obligation under an ERISA plan and would not exist in the absence of the ERISA plan, the state-law claim is not based on other independent legal duties. Plaintiff's endeavor to characterize the allegations in the complaint regarding phone calls between himself and a Sharp representative as "express and implied promises and inducements" that resulted in authorization for necessary medical care is unavailing.[12] [Doc. No. 5 at 7:11-13.] In the complaint, Plaintiff alleges that Defendants were all acting as "health care service plans"

---

[11] *See also Wicken v. Blue Cross of Cal., Inc.*, No. 15cv834-GPC (JMA), 2015 WL 4255129, at 3 (S.D. Cal. July 14, 2015) ("No independent legal duty exists where interpretation of the terms of the ERISA-regulated benefits plan forms an essential part of the claim and where the defendant's liability exists only due to its administration of the ERISA-regulated plan.") (citation omitted).

[12] Relatedly, Plaintiff argues that since Sharp, an individualized practice association, is a co-defendant complete preemption cannot lie because the decision to deny benefits was "inextricably intertwined" between Aetna and Sharp. But, while ERISA defines the persons empowered to bring a civil action in § 1132(a) "there are no limits stated anywhere in § 1132(a) about who can be sued." *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1205 (9th Cir. 2011) (finding that potential defendants in actions brought under § 1132(a)(1)(B) should not be limited to plans and plan administrators*). See also Spindex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,* 770 F.3d 1282, 1297 (9th Cir. 2014) (clarifying that post *Cyr* "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits."); *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000)) (the Court rejected the suggestion that § 1132(a)(3) contained a limitation on who could be a proper defendant under that specific subsection, concluding that § 1132(a)(3) "makes no mention at all of which parties may be proper defendants-the focus instead, is on redressing the act or practice which violates any provision of ERISA Title 1.") (emphasis in original). Here, Aetna has been identified as the managed care organization and Sharp has been identified as an Individual Practice Association. Both are logical defendants in an "action by [Plaintiff] to recover benefits due to [him] under the terms of the plan and to enforce [his] rights under the terms of the plan, which is precisely the civil action authorized by § 1132(a)(1)(B)." *Cyr*, 642 F.3d at 1207.

9

that had, in exchange for collecting premiums, entered into an "arrangement" with Plaintiff to provide "medically necessary health care services." [Doc. No. 1 at 6 ¶¶ 5, 6.] Plaintiff complains that, pursuant to California Civil Code section 3428(a), "Defendants had a duty of ordinary care to arrange for the timely provision of medically necessary health care services" to him and that they failed in this regard by "delaying or denying medically necessary medical care including . . . failing to approve and provide DRG stimulation despite repeated recommendation from Defendant-affiliated physicians." [*Id.* at 10 ¶¶ 26, 27; *see also id.* at 9 ¶ 21.] Further, Plaintiff's allegation that denial based on the experimental nature of the procedure is "directly contrary to how 'experimental' procedures are defined in Plaintiff's health insurance agreement." [*Id.* at 10:7-9].

In light of these allegations, the Court concludes that Plaintiff's claim does not implicate legal duties that arise independently of ERISA because, although Plaintiff has sued under a state statute, "interpretation of the terms of [his] benefit plans forms an essential part of [his state law] claim, and [state law] liability would exist here only because of [the Defendants]' administration of ERISA-regulated benefit plans." *Davila*, 542 U.S. at 213-214.] *See also Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (claims requiring construction of plan terms are preempted). Plaintiff could have, and should have, brought suit under § 502(a)(1)(B).

Accordingly the Court finds that, because Plaintiff's unreasonable denial of benefits claim is completely preempted by ERISA, it has original jurisdiction over the case pursuant to 28 U.S.C. § 1331. Therefore, Plaintiff's motion to remand is **DENIED**.

### B. Motion to Dismiss

Having established that the case is properly before it, the Court will now turn to whether Defendant's motion to dismiss Plaintiff's claim should be granted. *See, e.g., Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC,* No. 2:15-cv-00319-MCE, 2015 WL 5009093, at 5 (E.D. Cal. Aug. 20, 2015) (citing 29 U.S.C. § 1144(a)) ("If complete preemption is present under a *Davila* analysis, and the case is properly in federal court, the next step is to determine whether the state law claims upon which federal jurisdiction has been conferred

survive so-called 'conflict preemption' under ERISA § 514(a)."); *Heldt v. Guardian Life Insurance Company of America*, Case No. 16-cv-00885-BAS-NLS, 2017 WL 980181, at 8 (S.D. Cal. Mar. 13, 2017) (after concluding that remand was not appropriate because of the existence of complete preemption, the court went on to consider defendant's section 514(a) motion to dismiss arguments.).[13]

Defendant argues that Plaintiff's claim is precisely the sort of claim that is preempted by ERISA § 514(a) because the relationship between Aetna and Plaintiff only exists because Aetna administers Plaintiff's health care coverage under an ERISA-governed health benefits plan. [Doc. No. 3-1 at 6-9.] Choosing instead to focus on Defendant's § 502(a) complete preemption arguments, Plaintiff's opposition discounts Defendant's §514(a) conflict preemption argument by summarily stating that "little need be said here, considering that conflict preemption defense under §514(a) is exactly that, a defense." [Doc. No. 5 at 5:5-6.]

Both Section 502(a) and Section 514(a) preemption doctrines defeat state-law causes of action on the merits. *Fossen,* 660 F.3d at 1107. Section 514(a) expressly provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). Thus, any state law claim that "would fall within the scope of [ERISA's] scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1084 (9th Cir. 2009). *See also Davila,* 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Under ERISA's civil enforcement provision a participant or beneficiary may bring an action to recover benefits due under the plan, an action for breach of fiduciary duty, and a suit to enjoin violations of ERISA or the Plan, or to obtain other

---

[13] *See also Sikiyan v. Morris*, Case No. CV16-1699 PSG (JCx), 2016 WL 3131022, at 4 (C.D. Cal. May 31, 2016).

3:17-cv-0107-CAB-KSC

equitable relief. 29 U.S.C § 1132. Consequently, any claim that can be characterized as "an action to recover benefits under the plan" under §502(a)(1)(B) "would likely be conflict preempted because ERISA would provide both a cause of action and an enforcement remedy." *Paulson,* 599 F.3d at 1084

In order to determine if the state law is conflict preempted "[t]he Supreme Court has instructed that a law relates to an employee benefit plan if it has either a "connection with" or "reference to" such a plan. This is a two-part inquiry." *Paulsen* 559 F.3d at 1082 (citations omitted). The first part of the inquiry is to determine whether a law has a forbidden reference to ERISA plans. *Id.* This requires the court to consider "whether (1) the law 'acts immediately and exclusively upon ERISA plans,' or (2) 'the existence of ERISA plans is essential to the law's operation.'" *Id.* (quoting *Golden Gate Rest. Ass'n v. City & Cnty of S.F.*, 546 F.3d 639, 657 (9th Cir. 2008). Within the Ninth Circuit, the second part of the inquiry involves employing a "'relationship test' that focuses whether the 'claim bears on an ERISA regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee.'" *Oregon Teamster Emp'rs Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1141 (9th Cir. 2015) (quoting *Paulson,* 559 F.3d at 1082).

Here, not only is Plaintiff's unreasonable denial of benefits claim completely pre-empted by ERISA, it is also conflict preempted. *See supra* III.A.1. California Civil Code section 3428 imposes liability against health care service plans or manage care entities, while expressly excluding employers or an employer group from liability.[14] Plaintiff's

---

[14] California Civil Code section 3428(a) provides that a health care service plan or managed care entity "shall have a duty of ordinary care to arrange for the provision of medically necessary health care service to its subscribers and enrollees, where the health care service is a benefit provided under the plan, and shall be liable to any and all harm legally caused by its failure to exercise that ordinary care . . . ." CAL. CIV. CODE § 3428(a). A health care service plan is defined as: "(1) [a]ny person who undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost of those services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or enrollees. (2) Any person, whether located within or outside of this state, who solicits or contracts with a subscriber or enrollee in this state to pay for or reimburse any part of the cost of, or who

3:17-cv-0107-CAB-KSC

unreasonable denial of benefits claims directly relate to the denial of benefits due under an ERISA plan and therefore depend on the existence of the plan. The claim alleges that Defendants failed to provide Plaintiff with necessary medical care and that the denial of the DRG stimulation therapy because of its experimental nature directly contradicted how experimental procedures are defined in Plaintiff's health insurance agreement. *See Bui v. American Tel. & Tel. Co. Inc.,* 310 F.3d 1143, 1147-48 (9th Cir. 2002) ("If a claim alleges a denial of benefits ERISA preempts it. A denial of benefits involves an administrative decision regarding coverage.") Undoubtedly, this claim will require analysis of the agreement's terms. Moreover, the claim bears on an ERISA regulated relationship – here the relationship between Plaintiff, a plan member, and Defendants were responsible for providing health care services. Thus, because of its forbidden connection with an ERISA plan, Plaintiff's claim is preempted.

As a result of the preemption, Plaintiff's claim fails to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the state law claim, but will grant Plaintiff leave to amend the complaint to include only a claim under ERISA.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's motion to remand [Doc No. 6] is **DENIED** and Defendant's motion to dismiss [Doc. No. 3] is **GRANTED**. If Plaintiff chooses to file a First Amended Complaint to re-plead his state law claim as an ERISA claim he must do so no later than **April 24, 2017**. Defendants shall file a response to the First Amended

---

undertakes to arrange or arranges for, the provision of health care services that are to be provided wholly or in party in a foreign country in return for a prepaid or periodic charge paid by or on behalf of the subscriber or enrollee." CAL. HEALTH & SAFETY CODE § 1345(f)

Section 3428(e) expressly states that "[t]his section does not create any liability on the part of an employer or an employer group purchasing organization that purchases coverage or assumes risk on behalf of its employees or on behalf of self-funded employee benefit plans." CAL. CIV. CODE § 3428(e).

3:17-cv-0107-CAB-KSC

1   Complaint within the time limits provided by the Federal Rules of Civil Procedure.

2        It is **SO ORDERED**.

3   Dated:  April 10, 2017

4

                                  Hon. Cathy Ann Bencivengo

5                                   United States District Judge

3:17-cv-0107-CAB-KSC